### W. W. HARDY v. THE STATE.

#### No. 2888.    Decided May 24, 1905.

**1.—Local Option—Variance—Allegation—Proof.**

Where the information charged a sale of intoxicating liquor by defendant to prosecutor, and the proof showed that a third party, upon the suggestion of defendant, loaned the prosecutor a dozen bottles of beer which the latter promised to return and no money passed, the variance between the alegata et probata is fatal.

**2.—Same—Validity of Local Option Law.**

See opinion as to question of invalidity of the local option law in B. County which was passed on in Hanna v. State, 48 Texas Crim. Rep.

Appeal from the County Court of Bosque. Tried below before Hon. B. J. Wood.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and twenty days in the county jail.

The opinion states the case.

*Cureton & Cureton,* for appellant.—Ray v. State, 46 Texas Crim. Rep., 176; 79 S. W. Rep., 535; Vanarsdale v. State, 35 Texas Crim. Rep., 587; Washington. v. State, 85 S. W. Rep., 801; Driver v. State, id., 1056; Harris v. State, id., 284; Blasingame v. State, id., 275.

*Howard Martin,* Assistant Attorney-General, and *W. F. Schenck,* for the State.—Booker v. State, 3 Texas Crim. App., 227.

BROOKS, JUDGE.—This conviction is for violating the local option law, the punishment being fixed at a fine of $50 and twenty days confinement in the county jail. The trial was upon information charging that the election for local option was held in Bosque County on March 19, 1904, and the sale was made to D. B. Casey. The evidence of the State's witnesses Clark, Casey and McDonald shows conclusively that Casey and Clark on the day of the alleged sale, went into defendant's place of business and asked for beer; that defendant informed them he did not know how they could get it. Whereupon witness Clark told defendant that if any member of the club had beer there, and would loan Casey some of his beer, that it would be replaced to said member upon the arrival of Casey's beer, Casey having made an order for beer and joined defendant's club, and that such loan would be no violation of the law. Defendant then spoke to McDonald, who was a member of the club present at the time and had about a dozen bottles of beer in defendant's ice chest; that McDonald agreed to loan Casey and did so; that the beer that the witnesses Casey and Clark got and drank was this beer they borrowed from McDonald, that they never bought any beer from defendant, and that they paid him no money for this beer. This shows a fatal variance in the evidence. The allegation in the information is that the sale was made by defendant to prosecuting witness Casey, whereas the evidence shows if any sale was made at all it was by McDonald. There is no controversy in the record as to these facts. This being true, there is a variance between the information and the evidence.

The other questions relied upon by appellant to wit: the invalidity of the local option law was discussed by us in Will Hanna v. State, decided at present term, wherein it was held that the local option law of Bosque County was valid, and it is not necessary to again review

the same. Because of the insufficiency of the evidence to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Motion for rehearing overruled without written opinion.—Reporter.]